IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEON SMITH,<br>　　　　　**Plaintiff,** | CIVIL ACTION |
| v. | |
| HARRISON HOUSE,<br>　　　　　**Defendants.** | NO. 19-1012 |

## MEMORANDUM OPINION

Plaintiff Deon Smith alleges that her former employer, Harrison Senior Living of Christiana, discriminated against her on the basis of sex, national origin, and disability, and retaliated against her for reporting such discrimination, in violation of state and federal law. 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 1981; 42 U.S.C. § 12101; 43 Pa. Stat. § 951. Defendant moves to dismiss Count I (Title VII Retaliation), Count II (Pennsylvania Human Relations Act (PHRA) Discrimination), Count III (PHRA Retaliation), and Count V (Americans with Disabilities Act (ADA) Retaliation).[1]

### I.　　FACTS[2]

Plaintiff, an African American woman born in Jamaica, was hired to work for Defendant as a certified nursing assistant in December 2015. Plaintiff walks with a noticeable limp. She began experiencing harassment from her coworkers at the start of 2017. Coworkers made disparaging remarks about her race, national origin, and disability. For example, a coworker told her, "you really need to take the boat and go back to Jamaica where you belong." Coworkers would describe Plaintiff, within her earshot, as "hopping around like a bunny" and imitate her

---

[1] Defendant makes no motion on Count IV (Discrimination and Retaliation pursuant to 42 U.S.C. § 1981).

[2] Because this case is before the Court on a motion to dismiss, all facts are drawn from the complaint and all inferences are made in Plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

limp. She was once told that her and her hair are "just too black." And after Plaintiff reported the incidents, her coworkers froze her out, ignoring her at work and pushing her out of the line to clock in each morning. Despite reporting the concerns to multiple persons within the organization, including the staffing coordinator, the assistant director of nursing, and the shift supervisor, nothing was done about the harassment. Plaintiff quit her job in October 2018, feeling unable to tolerate the harassment any longer.

Plaintiff filed a discrimination charge with the EEOC, checking off the boxes on the form indicating race, disability, and national origin discrimination. She cited some of the instances described above. On September 11, 2018, she received a letter denying her claim and giving her the right to sue in court if she chose. Plaintiff attempted to appeal the decision but was notified via letter from the EEOC in November that no formal appeals process exists within the Commission. If she wished to challenge the decision, the letter reminded her, she had to file in court within 90 days of the denial. Plaintiff did not file a lawsuit at that time. Instead, she later filed a second EEOC charge. In her second charge, she checked the boxes for race and disability discrimination, as well as retaliation. Plaintiff alleged in the charge, but not her complaint,[3] that following her report of discrimination to human resources in August 2018, she suffered retaliation in the form of her employer engaging in extensive, threatening surveillance on her. Plaintiff's claim was denied on December 20, 2018. Plaintiff then filed this suit.

## II.    LEGAL STANDARDS

A motion to dismiss is decided in two steps. First, factual and legal claims must be

---

[3] In addition to the complaint itself, "exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that a defendant attaches as an exhibit to a motion to dismiss if the documents are essential to Plaintiff's claim" may be considered in deciding the motion. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). The second EEOC charge is an undisputedly authentic exhibit attached to Defendant's motion to dismiss.

2

separated. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All well-pleaded facts are accepted as true, and any bare legal conclusions are disregarded. *Id.* the next determination is whether the "facts alleged in the complaint" are sufficient to show a "plausible claim for relief." *Id.* (internal quotation omitted).

### III. ANALYSIS

#### A. Plaintiff's retaliation claims

Defendant first argues that all of Plaintiff's retaliation claims (Counts I, III, and V) must be dismissed on the grounds that either they are barred because the suit was filed more than 90 days after the first EEOC charge or they were not properly exhausted. Once a plaintiff receives final agency action from the EEOC, she must file her suit within 90 days or else the right to sue expires. 42 U.S.C. § 2000e-5(f)(1). This deadline is interpreted strictly; a claim filed "even one day beyond this ninety day window is untimely." *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 176 (3d Cir. 1999).

Plaintiff's first right-to-sue letter was issued in September 2018. She did not file this suit until March 2019, well beyond the 90 day window. While the 90 day window can be subject to equitable tolling, Plaintiff makes no cogent argument in her complaint.[4] *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982). Any federal[5] claims arising from the allegations

---

[4] She does, however, gesture towards an equitable tolling argument noting that she needed to file a second EEOC charge because the EEOC dismissed her first charge so quickly she did not have a chance to amend it to add her retaliation claim. Equitable tolling is allowed only "sparingly" and in instances where Plaintiff exercised "due diligence in preserving" her legal claims. *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997). One instance in which it may be appropriate is when the EEOC improperly denies a request by Plaintiff to amend the charge or otherwise affirmatively misleads the plaintiff. *See id.* (collecting cases). *See also Hicks*, 572 F.2d at 964; *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 387 (9th Cir. 1990). Plaintiff makes no allegation that the EEOC denied a timely attempt by her to amend her charge. And while she did contact the EEOC *after* her claim was denied, it was to request reconsideration, not to request to amend. The Court thus sees no grounds for applying equitable tolling in this case.

[5] Plaintiff's state claims based on the first EEOC charge are not time barred. *See infra* Part III.B.

in the first charge are thus time barred and cannot serve as the basis for the present suit. *See also Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986) (per curiam) (holding that a plaintiff who filed a second EEOC charge on the same facts as her first denied one could not revive the expired claim through the later charge).

Plaintiff's second EEOC charge, however, raised a new claim for relief. She alleges that, after reporting race and disability discrimination to Defendant's human resources office on August 21, 2018, she suffered severe retaliation that ultimately forced her to leave her job. Plaintiff specifically alleges that Defendant began an aggressive surveillance campaign against her, including following her during her commute to and from work and calling the state troopers to pull her over. The EEOC denied her claim on December 20, 2018. Plaintiff timely filed this suit based off the second charge within the 90 day period. *See Velazquez-Ortiz v. Vilsack*, 657 F.3d 64, 71-72 (1st Cir. 2001) (holding that plaintiff had properly exhausted administrative remedies regarding her retaliation claim by filing a second EEOC charge based on events that occurred after the filing of plaintiff's first EEOC charge).

But that does not end the inquiry. Plaintiff's current retaliation claim must fall fairly within the scope of her second EEOC charge, retaliation for her August 21, 2018 report. *See Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996). Plaintiff's complaint alleges that Defendant retaliated against her for reporting discrimination by turning her workplace into a hostile work environment. All alleged instances of a retaliatory hostile work environment she cites in the complaint occurred before August 21, 2018. In fact, the complaint does not even list the August 21, 2018 report—the latest incident described occurred on or about August 4, 2018. All incidents described in the complaint fall within the scope of the first EEOC charge. While the earlier incidents certainly may provide context for her later report, those incidents are not within

the scope of the second EEOC charge, and the second EEOC charge is the only live basis for this case. The facts alleged in the complaint therefore fail to state a plausible ground for relief on her claim that she was retaliated against under Title VII, the PHRA, and the ADA for a report made on August 21, 2018. *Fowler*, 578 F.3d at 210-11. With no retaliation claim within the scope of the second EEOC charge or facts to support it alleged in the complaint, the motion to dismiss will be granted for Counts I, III, and V.

### B. Plaintiff's PHRA Claims

#### 1. Exhaustion

Defendant next argues that Plaintiff's PHRA claims (Counts II and III) must be dismissed for failure to exhaust the claims as required by Pennsylvania law. To bring a suit under the PHRA, a plaintiff must file an administrative charge with the Pennsylvania Human Relations Committee (PHRC) within 180 days of the alleged act of discrimination. 43 Pa. Stat. § 962(c). If the PHRC fails to act on the charge after one year, then the plaintiff may file her state claims in court (unlike under Title VII where the plaintiff must have final agency action from the EEOC before proceeding in court). *See id.*; *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001).

Defendant argues that Plaintiff never filed her complaint with the PHRC and thus has not exhausted her state law claims. The EEOC and PHRC have a work-sharing agreement through which they apportion initial jurisdiction over discrimination complaints to avoid duplication of investigatory time and effort. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). Under the agreement, each agency waives its right to initially review claims first filed with the other agency. *Id.* Filings are often also transmitted from one agency to the other. *See id.* at 926 n.12. Plaintiff argues that, pursuant to the work-sharing agreement, the EEOC transmitted her

claim to the PHRC, fulfilling her exhaustion requirements. She points to the signature line on the charge she submitted to the agency, which included an acknowledgement that the charge will be filed with "both the EEOC and the State or local agency," and a transmittal document from the EEOC sending the charge to the PHRC.

Merely filing with the EEOC and presenting evidence of a work-sharing agreement is not, in and of itself, enough to fulfill the PHRA exhaustion requirement. *Woodson*, 109 F.3d at 926-27. But evidence that the PHRC received a forwarded charge from the EEOC is. *Id.* at 926 n.12 (citing *Vincent v. Fuller Co.*, 616 A.2d 969, 971 (Pa. 1992)). Plaintiff's situation is distinguishable from *Woodson*, where the Third Circuit held that the work-sharing agreement was insufficient to show PHRA exhaustion. In *Woodson*, the form the plaintiff filled out to file his charge had a check box where he could request his charge be filed with both agencies, and he failed to check it. *Id.* at 925. He also admitted that the PHRC never received the claim. *Id.* Plaintiff's form did not have such a check box. She did, however, sign an acknowledgement on her EEOC charge indicating that her claim would also be filed with the PHRC. And while there is no official confirmation as to whether the PHRC received the charge, attached to the complaint is a transmittal letter from the EEOC to the PHRC indicating that the EEOC forwarded her charge. Because the signed acknowledgement is combined with the transmittal letter attached to the complaint showing that the EEOC did, in fact, forward the charges, the Court holds that the PHRA exhaustion requirements are met. *See Lukus v. Westinghouse Elec. Corp.*, 419 A.2d 431, 452 (Pa. Super. 1980) (holding that the "transmittal of [plaintiff]'s EEOC complaint to the PHRC constituted a filing of a verified compliant with the PHRC").

Plaintiff's state discrimination claims are also timely under the PRHA. Because the PHRC did not act on the claims, her right to sue did not arise until one year after filing. 43 Pa.

Stat. § 962(c). Once that year passed, she had two years to file a lawsuit. *Id.* § 962(d). Plaintiff filed her first charge on September 6, 2018, and her second charge on September 17, 2018. Plaintiff filed her second amended complaint on October 25, 2019, more than one year after both charges were filed and within the required two years. Plaintiff has timed filed both charges.

2. Plaintiff's PHRA Disability Claim

In Count II, Plaintiff alleges that she suffered race, national origin, and disability discrimination under the PHRA. She raised these protected classes in her first EEOC charge. Defendant moves to dismiss the disability claim, arguing that Plaintiff did not plead a protected disability.

Pennsylvania courts generally interpret PHRA discrimination claims in line with their federal counterparts. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (citing *Chmill v. City of Pittsburgh*, 412 A.2d 860, 871 (Pa. 1980)). And the PHRA's definition of disability is "substantially similar" to the ADA's definition of disability. *Id.* It is thus appropriate for this Court to look to both state and federal disability discrimination law.

Under the PHRA, a disability is defined as:

(1) a physical or mental impairment which substantially limits one or more of such person's major life activities;

(2) a record of having such an impairment; or

(3) being regarded as having such an impairment….

43 Pa. Stat. § 954(p). Plaintiff's complaint simply alleges that Plaintiff has "a qualified disability as defined by" the ADA and PHRA and notes that Plaintiff walks with a limp.[6] She pleads no

---

[6] In opposing Defendant's motion to dismiss, Plaintiff argues that she was "regarded as" having a disability. But no such argument appears in Plaintiff's complaint. Further, Plaintiff's complaint fails to plead any facts related to Defendant's perception about Plaintiff's ability to perform major life activities or otherwise indicate how Defendant regarded Plaintiff as disabled within the PHRA's definition.

further facts about the alleged disability or how it impacts a major life activity. Such a bare-bones, conclusory allegation is insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Plaintiff's PHRA disability discrimination claim will be dismissed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss will be granted. An appropriate order follows.

**January 13, 2020**                                  **BY THE COURT:**


                                                       /s/Wendy Beetlestone, J.

                                                       _____
                                                       **WENDY BEETLESTONE, J.**